**Hyderally & Associates, P.C.**
Ty Hyderally, Esq. (NJSBA 85013) (ID#023231993)
33 Plymouth Street, Suite 202
Montclair, New Jersey 07042
Telephone (973) 509-8500
Facsimile (973) 509-8501
E: tyh@employmentlit.com

-AND-

**Edward F. Westfield, Esq.** (Attorney Bar Code EW2030)
**Hyderally & Associates, P.C.**
6218 Riverdale Avenue
Riverdale, NY 10471
T: (718) 601-1100
F: (212) 601-1200
E: efw@efwpc.com

*Attorneys for Plaintiff: Sean Bollinger*

**UNTIED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SEAN BOLLINGER,**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**INFOTECH SOLUTIONS FOR BUSINESS INTERNATIONAL, INC., MATTI KON, in his official and individual capacities, JOHN DOES 1-10, AND XYZ CORP. 1-10,**<br><br>**DEFENDANTS.** | CIVIL ACTION NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

 Plaintiff, SEAN BOLLINGER ("Plaintiff" or "Bollinger") who resides at 27 Park Place, Apt. 14, Bloomfield, NJ 07003, on behalf of himself and all others similarly situated, by way of this Complaint against Defendants, InfoTech Solutions for Business

1

International, Inc. ("InfoTech"), with its principal place of business located at 135 E. 57 Street, 4th Floor, New York, NY 10022, Matti Kon ("Kon"), in his official and individual capacities, John Does 1-10, and XYZ Corp. 1-10 (hereinafter collectively the "Defendants") hereby says:

## I. Nature of the Action, Jurisdiction and Venue

1. This is an action seeking equitable and legal relief for violations of: (1) the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et.seq*. ("FLSA"); (2) FLSA record keeping; (3) FLSA Retaliation; (4) FLSA deductions and contributions; (5) the New York Labor Law ("NYLL"); (6) NYLL record keeping; (7) NYLL Retaliation; and (8) NYLL deductions and contributions, to redress monetary deprivations in the Plaintiff's earned wages as a result of Defendants' violations of the payment of wages and statutorily mandated record keeping requirements.

2. The jurisdiction of this Court over this controversy is based upon 28 U.S.C. §§1331, 1332, 1337, and 1343 to enforce the provisions of the FLSA. Jurisdiction and venue are proper in the District Court of New York because the Plaintiff and Defendants do business in the State of New York, and the all the violations of the FLSA and the NYLL alleged below were committed by Defendants against Plaintiff within the State of New York, 106 West 32nd Street, Suite 150, New York, NY 10001. This Court also has pendent jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 since those claims are related to Plaintiff's federal claims that form part of the same case and controversy.

3. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391 because the conduct making up the basis of the complaint took place in this judicial district.

## II. Parties

4. Plaintiff is an adult resident of Bloomfield, New Jersey.

5. Defendant, InfoTech, is a corporation that provides information technology and develops software with its corporate headquarters located at 135 E. 57 Street, 4th Floor, New York, NY 10022, within the jurisdiction of this Court where the individual Defendant works (the "New York location").

6. Plaintiff worked for InfoTech at a New York location situated at 106 West 32nd Street, Suite 150, New York, NY 10001.

7. Kon is the President and CEO of InfoTech and works out of the New York location and is, thus, within the jurisdiction of this Court.

8. Defendant Corporation regulates the employment of all persons employed by InfoTech, acts directly and indirectly in the corporation's interest in relation to the employees, and is thus an employer of the Plaintiff and similarly situated employees within the meaning of section 3(d) of the FLSA.

9. During the relevant time period, Kon was a senior management-level employee who controlled Plaintiff's workplace and supervised Plaintiff and (1) aided the employer in performing a wrongful act that caused an injury; (2) was generally aware of his role as part of an illegal or tortious activity at the time they provided assistance; and (3) knowingly and substantially assisted the employer in the principal violation of the statutes referenced herein.

10. Defendant Kon exercised control over the terms and conditions of Plaintiff's employment, in that Kon has and had the power to: (1) hire and fire employees; (2) determine rates and methods of pay; (3) determine work schedules; (4) supervise and control

the work of employees; and (5) otherwise affect the quality of the employees' employment.

11. Thus, Kon is liable under the statutes referenced above both personally and in his official capacity as a senior management-level employee.

12. During the relevant time period, JOHN DOES 1-10 are currently unknown employees who were either senior management-level employees who controlled Plaintiff's workplace, and supervised Plaintiff and aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, Defendants ratified, embraced and added to their conduct. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual employees by name.

13. During the relevant time period, XYZ Corps. 1-10 are unknown affiliated corporations or entities or other corporations who have liability for the claims set forth herein. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual entities by name.

14. Thus, all Defendants are subject to suit under the statutes alleged above.

15. At all times referred to in this complaint, employees of the corporate Defendant, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or the corporate Defendant ratified, embraced and added to their conduct to the extent that their actions went beyond the scope of their employment.

16. Defendants employ employees in the activities of their enterprise engaged in commerce or in the production of goods for commerce, including employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods or commerce within the meaning of section 3(s)(1)(4) of the FLSA.

### III. Factual Allegations

17. At all times set forth herein, the Defendant Corporation was an employer within the definition of the Fair Labor Standards Act of 1938, §3, 29 U.S.C. §203, and Plaintiff, was at all times herein set forth, an employee within the definition of said section.

18. At all times set forth set forth herein, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203.

19. At all times set forth herein, Defendants were employers within the definition of the NYLL and Plaintiff, was at all times herein set forth an employee within the definition under the NYLL.

20. Bollinger worked for Defendants as a consultant from June 2018 to March 2019.

21. Subsequently, on March 12, 2019, Bollinger worked for Defendants as the Vice President of Business Development at a promised salary of $60,000 per annum.

22. During this time period, Bollinger was a full time W-2 employee until his termination on August 2, 2019.

23. Throughout the time period Bollinger was a W-2 employee, Defendants did not pay Plaintiff in a timely manner.

24. Additionally, Defendants have not paid Plaintiff all wages owed to him.

25. Further, Defendants did not maintain records of Plaintiff's hours during his employment.

26. Defendants did not maintain adequate employment records as required under the FLSA.

27. Defendants did not maintain adequate employment records as required under the NYLL.

28. Defendants paid wages to Plaintiff by check without taking out any deductions.

29. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated individuals all their wages.

30. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated individuals their wages in a timely fashion.

31. Defendants knowingly and willfully operated their business with a policy of not deducting and contributing to appropriate payments when paying Plaintiff and other similarly situated individuals their wages.

32. Defendants did not provide Plaintiff and other similarly situated employees, a wage statement or other documents as required under the FLSA.

33. Defendants did not provide Plaintiff and other similarly situated employees, a wage statement or other documents as required under the NYLL.

34. Defendants did not take the proper withholdings from Plaintiff's wages.

35. Further, it appears that Defendants will issue inaccurate W-2 documentation pertaining to Plaintiff's wages.

36. The Defendants knowingly and intentionally took these actions to violate the

FLSA and the NYLL.

37. Plaintiff complained about these wage violations.

38. In retaliation for Plaintiff taking such actions, on July 30, 2019, Defendants informed Bollinger he was terminated with an effective termination date of August 2, 2019.

**FIRST CLAIM FOR RELIEF**
**(FLSA Claims by Plaintiff on Behalf of**
**Himself and the FLSA Collective Plaintiffs)**

39. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

40. At all relevant times, Defendants have employed employees, including Plaintiff and the FLSA Collective Plaintiffs.

41. Throughout the statute of limitations period covered by these claims under the FLSA, Defendants knowingly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs their wages.

42. Throughout the statute of limitations period covered by these claims under the FLSA, Defendants knowingly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs their wages in a timely manner.

43. The Defendants have failed to keep required adequate employment records as required under FLSA.

44. The aforesaid violations of the FLSA were willful within the meaning of 29 U.S.C. §255.

45. Under the provisions of the FLSA, there is due and owing from the Defendants to Plaintiff and the FLSA Collective Plaintiffs, compensation for said late wages as well as unpaid wages, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court

deems equitable and just.

46. Under the provisions of the FLSA, there is due and owing from the Defendants to Plaintiff and the FLSA Collective Plaintiffs, compensation for not maintaining appropriate employment records, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just.

**SECOND CLAIM FOR RELIEF**
**(FLSA RECORD KEEPING VIOLATION)**

47. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

48. At all relevant times, Defendants have employed employees, including Plaintiff and the FLSA Collective Plaintiffs.

49. Throughout the statute of limitations period covered by these claims under the FLSA, Defendants have failed to keep required adequate employment records in violation of the FLSA.

50. The aforesaid violations of the FLSA were willful within the meaning of 29 U.S.C. §255.

51. Under the provisions of the FLSA, there is due and owing from the Defendants to Plaintiff and the FLSA Collective Plaintiffs, compensation for said actions in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just.

**THIRD CLAIM FOR RELIEF**
**(FLSA RETALIATION)**

52. Plaintiff realleges and incorporates herein the paragraphs set forth in this

Complaint.

53. At all relevant times, Defendants have employed employees, including Plaintiff and the FLSA Collective Plaintiffs.

54. Throughout the statute of limitations period covered by these claims under the FLSA, Plaintiff made complaints to Defendants about their numerous violations of the law.

55. Rather than take curative action, Defendants retaliated against Plaintiff.

56. Defendants then engaged in the ultimate act of retaliation, by terminating Plaintiff.

57. Under the provisions of the FLSA, there is due and owing from the Defendants to Plaintiff, compensation for said actions in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just.

### FOURTH CLAIM FOR RELIEF
### (FLSA – DEDUCTIONS AND CONTRIBUTIONS)

58. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

59. At all relevant times, Defendants have employed employees, including Plaintiff and the FLSA Collective Plaintiffs.

60. Throughout the statute of limitations period covered by these claims under the FLSA, Defendants paid Plaintiff and other similarly situated employees by check without appropriate deductions and withholdings taken out of their paychecks.

61. Further, Defendants did not make appropriate contributions as required under FLSA.

62. Under the provisions of the FLSA, there is due and owing from the Defendants

to Plaintiff, compensation for said actions in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just.

**FIFTH CLAIM FOR RELIEF**
**(NYLL Claims by Plaintiff on Behalf of**
**Himself and the Collective Plaintiffs)**

63. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

64. At all relevant times, Defendants have employed employees, including Plaintiff and the Collective Plaintiffs.

65. Throughout the statute of limitations period covered by these claims under the NYLL, defendants knowingly and repeatedly failed to pay Plaintiff and the Collective Plaintiffs their wages.

66. Throughout the statute of limitations period covered by these claims under the NYLL, Defendants knowingly and repeatedly failed to pay Plaintiff and the Collective Plaintiffs their wages in a timely manner.

67. The Defendants have failed to keep required adequate employment records as required under NYLL.

68. The aforesaid violations of the NYLL were willful within the meaning of the NYLL.

69. Under the provisions of the NYLL, there is due and owing from the Defendants to Plaintiff and the Collective Plaintiffs, compensation for said late wages as well as unpaid wages, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems

equitable and just.

70. Under the provisions of the NYLL, there is due and owing from the Defendants to Plaintiff and the Collective Plaintiffs, compensation for not maintaining appropriate employment records, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just.

**SIXTH CLAIM FOR RELIEF**
**(NYLL RECORD KEEPING VIOLATION)**

71. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

72. At all relevant times, Defendants have employed employees, including Plaintiff and the Collective Plaintiffs.

73. Throughout the statute of limitations period covered by these claims under the NYLL, Defendants have failed to keep required adequate employment records in violation of the NYLL.

74. The aforesaid violations of the NYLL were willful.

75. Under the provisions of the NYLL, there is due and owing from the Defendants to Plaintiff and the Collective Plaintiffs, compensation for said actions in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just.

**SEVENTH CLAIM FOR RELIEF**
**(NYLL RETALIATION)**

76. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

77. At all relevant times, Defendants have employed employees, including Plaintiff

11

and the Collective Plaintiffs.

78. Throughout the statute of limitations period covered by these claims under the NYLL, Plaintiff made complaints to Defendants about their numerous violations of the law.

79. Rather than take curative action, Defendants retaliated against Plaintiff.

80. Defendants then engaged in the ultimate act of retaliation, by terminating Plaintiff.

81. Under the provisions of the NYLL, there is due and owing from the Defendants to Plaintiff, compensation for said actions in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just.

### EIGHTH CLAIM FOR RELIEF
### (NYLL – DEDUCTIONS AND CONTRIBUTIONS)

82. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

83. At all relevant times, defendants have employed employees, including Plaintiff and the FLSA Collective Plaintiffs.

84. Throughout the statute of limitations period covered by these claims under the NYLL, Defendants paid Plaintiff and other similarly situated employees by check without appropriate deductions and withholdings taken out of their paychecks.

85. Further, Defendants did not make appropriate contributions as required under NYLL.

86. Under the provisions of the NYLL, there is due and owing from the Defendants to Plaintiff, compensation for said actions in an amount to be determined at trial, plus an

additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just.

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, respectfully requests judgment against the Defendants and the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b);

B. A judgment for Plaintiff and the FLSA Collective Plaintiffs against Defendants for compensation for said unpaid wages in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just;

C. A judgment for Plaintiff and the FLSA Collective Plaintiffs against Defendants for compensation for the untimely payment of wages in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just;

D. A judgment for Plaintiff and the FLSA Collective Plaintiffs against Defendants for compensation for non-compliance with FLSA and NYLL record keeping and/or record sharing requirements, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just;

  E. On all claims for relief, pre-judgment and post-judgment interest, as provided by applicable law;

  F. An award of liquidated damages;

  G. An award of unpaid wages;

  H. An award of statutory penalties;

  I. An award of prejudgment and post-judgment interest;

  J. An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and

  K. Such other and further legal and equitable relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff and FLSA Collective Plaintiffs demand a trial by jury of all issues in this action.

## DESIGNATION OF TRIAL COUNSEL

TY HYDERALLY is hereby designated as trial counsel on behalf of plaintiff.

## CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that there are no other parties known to me at this time who should be joined as parties to this action.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (A) policy number; (b) name and address of insurer; (c) inception and

expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

Dated: October 29, 2019

**HYDERALLY & ASSOCIATES, P.C.**
*Attorneys for Named Plaintiff and*
*the FLSA Collective Plaintiffs*

By:_____   By:   */s/ Edward F. Westfield, Esq.*
Ty Hyderally, Esq.                      Edward F. Westfield, Esq.
*For the Firm*                          *For the Firm*

T:\Bollinger Sean\Pleadings\102919.COM .doc